IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DAMIEN WOODROW RILEY,**

    Petitioner,

v.                                                 **Civil Action No. 5:24-CV-135**
                                                     Judge Bailey

**STEVE LOVETT,** and
**WARDEN RAY** (acting)**,**

    Respondents.

## REPORT AND RECOMMENDATION

### I. Introduction

On July 15, 2024, the *pro se* petitioner, Damien Woodrow Riley ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate housed at USP Hazelton in Bruceton Mills, West Virginia, and is challenging the Bureau of Prison's ("BOP") calculation of First Step Act time credits. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the petition be denied and dismissed.

### II. BACKGROUND

In his petition, petitioner challenges "[t]he FBOP's refusal to employ the First Step Act's (FSA) Release Date Calculator to calculate 'best case' scenario, based on my FTC

1

earning status, to allow for earlier pre-release planning." [Doc. 1 at 1]. He alleges that the BOP has refused to assume he will remain in earning status throughout his incarceration, which he contends entitles him to an earlier release date. He directs the Court to "Exhibit B," which includes a press release from the BOP's website about a Conditional First Step Act Release Date Calculator as well as a printout of a projected release and prerelease custody dates from a third-party website. For relief, he asks that the Court order the BOP to transfer him to prerelease custody.

### III.  Legal Standard

**A.  Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.  Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which

set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

### IV. Discussion

**A.     Petitioner has not exhausted administrative remedies.**

The undersigned finds that the petition should be dismissed without prejudice for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." **McClung v. Shearin**, 90 F. App'x 444, 445 (4th Cir. 2004) (citing **Carmona v. United States Bureau of Prisons**, 243 F.3d 629, 634-35 (2d Cir.2001), **Little v. Hopkins**, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. **Booth v. Churner**, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. **Porter v. Nussle**, 534 U.S. 516, 524 (2002) (citing **Booth**, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" **Porter**, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case

3

sua sponte. *Custis v. Davis*, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Pursuant to *McClung*, failure to exhaust may only be excused upon a showing of cause and prejudice. As recognized in *Carmona*, *supra*, which was cited by the Fourth Circuit in its opinion in *McClung*:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

*Carmona*, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until

4

he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; *Gibbs v. Bureau of Prison Office, FCI*, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, petitioner's attached exhibits indicate he pursued administrative remedies through the warden and regional director, but that after mailing out his BP-11, it was returned as undeliverable to FCC Hazelton. *See* [Doc. 1-3 at 4]. By memorandum dated July 7, 2024, a BOP counselor, D. Morgan, indicates that petitioner mailed out his BP-11 to Central Office in a timely manner but that it was returned as undeliverable and that, as such, he should be permitted to continue with the Administrative Remedy process. [Id.]. However, rather than refile his BP-11 with the Central Office, it appears that petitioner instead filed the instant petition, dated July 11, 2024. As he is still able to file his BP-11, petitioner has not fully exhausted his administrative remedies and the petition should be denied for failure to exhaust.

**B.    Even if the Court were to excuse exhaustion, prisoner has not shown that he is entitled to relief**.

Petitioner asserts that the BOP should assume a "best case" scenario and alleges that under such a "best case" scenario, his projected release date to prerelease custody in a Residential Reentry Center ("RRC") is January 16, 2025. The attached administrative remedies show that the BOP has calculated his release date, via First Step Act release, to be May 29, 2028, and indicates that RRC placement will be reviewed closer to that date. [Doc. 1-3 at 2]. Petitioner does not provide any basis on which to show that the BOP has erred in calculating this release date or that he is entitled to an earlier release. Instead, petitioner merely asserts he is entitled to a release date per a printout he obtained from a privately owned website, "PrisonProfessors.com," which provides him with an estimated date for halfway house or home confinement and an estimated date for release.

[Doc. 1-2 at 4]. Petitioner provides no basis that this estimate is more accurate or shows any error in the BOP's calculation[1], and the undersigned finds that petitioner's claim is without merit.

## V. Recommendation

For the foregoing reasons, it is hereby recommended that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

---

[1] And, indeed, the estimate, which comes from a privately owned website not affiliated with the BOP, warns that "These are only projections. Please make sure that you understand all policy statements, and the importance of your iterative release plan." [Doc. 1-2 at 5].

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: July 25, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE