IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DAMIEN WOODROW RILEY,**

        Petitioner,

v.                                   **CIVIL ACTION No. 5:24-CV-135**
                                             Judge Bailey

**STEVE LOVETT**, and
**WARDEN RAY** (Acting),

        Respondents.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 4]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 25, 2024, wherein he recommends that the petition be denied and dismissed without prejudice. [Id.] For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 4 at 1–2].

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objection to the Report and Recommendation [Doc. 6] on August 12, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

### A. Report and Recommendation

In the R&R, Magistrate Judge Mazzone found that "[a]s he is still able to file his BP-11, petitioner has not fully exhausted his administrative remedies." [Doc. 4 at 5]. The R&R further states that even if the Court were to excuse exhaustion, petitioner "has not shown that he is entitled to relief" based on any error made in his release date calculation. [Doc. 4 at 5-6]. Specifically, Magistrate Judge Mazzone states, "Petitioner does not provide any basis on which to show that the BOP has erred in calculating this release date or that he is entitled to an earlier release." [Doc. 4 at 5].

### B. Objections

In petitioner's objections, he alleges that the reason he could not exhaust remedies available to him was because of "obstruction of mail." [Doc. 6 at 3]. He states that his attempt to file a BP-11 was hindered by the prison officials redacting the "institutional mailing sticker" and hiding the tracking history. Petitioner's objections also replace the previous release date calculations in the original petition [Doc. 1] with a new calculation from an online "FSA Calculator." [Doc. 6-1].

### C. Analysis

As explained by Magistrate Judge Mazzone in the Report and Recommendation, petitioner can still re-file his appeal to the Office of the General Counsel (BP-11), and therefore he has not exhausted his possible remedies. Additionally, petitioner has not shown that exhaustion is futile. Exhaustion is not futile "[u]nless the agency is certain to rule adversely." ***Reeder v. Phillips***, 2008 WL 2434003, at *3 (N.D. W.Va. June 12, 2008)

(Keeley, J.). Petitioner's allegation that the mail was the cause of his inability to exhaust does not show a certainty of outcome. Because petitioner may re-file his BP-11 and exhaustion is not futile, exhaustion is not met here. As noted in the R&R, even if exhaustion were waived, "petitioner does not provide any basis on which to show that the BOP has erred in calculating this release date." [Doc. 4 at 5]. Petitioner's substitution of alternative calculations in his objections to the R&R does not change that analysis. [Doc. 6].

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 4**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's response/objections [**Doc. 6**] are **OVERRULED**. The Petition [**Doc. 1**] is **DENIED and DISMISSED WITHOUT PREJUDICE.**

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 20, 2024.

　　　　　　　　　　　　　　　　　　　　　／s／ John Preston Bailey
　　　　　　　　　　　　　　　　　　　　　JOHN PRESTON BAILEY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE